IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| ALVIN R. MCDONALD, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 09-CV-573-CVE-TLW |
| AKAL SECURITY, and | ) |
| ERIC HOLDER, Attorney General of the | ) |
| United States, | ) |
| | ) |
| Defendants. | ) |

## FEDERAL DEFENDANT'S AMENDED ANSWER TO COMPLAINT

COMES NOW defendant Eric Holder, the Attorney General of the United States (hereinafter "defendant"), by and through undersigned counsel, and answers Plaintiff's Complaint as follows:

1.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.  In response to the first sentence of this paragraph, defendant admits that Eric Holder is the Attorney General of the United States. The remaining allegations contained in the first sentence of this paragraph are conclusions of law to which no response is necessary. The second sentence is admitted.

## JURISDICTION

4.  The allegations in the first sentence of this paragraph contain plaintiff's characterization of his case, to which no response is required. The second sentence contains conclusions of law regarding the Court's jurisdiction to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the third sentence.

5.  Admitted.

## STATEMENT OF THE PLAINTIFF'S CASE

6.  The first sentence is denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the second sentence.

7.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.  Defendant admits that plaintiff was employed by Akal Security, Inc. as a Court Security Officer in the federal courthouse in Tulsa, Oklahoma beginning in 2001. Defendant further admits that the United States Marshals Service ("USMS") has a contract with Akal Security, Inc. for the provision of courthouse security in the 10th Judicial Circuit. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph except that defendant admits that plaintiff was employed by Akal Security, Inc. as a Court Security Officer in the federal courthouse in Tulsa, Oklahoma. Defendant denies the third sentence. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

11. Defendant admits that, as a Court Security Officer, plaintiff was required to be medically qualified on a yearly basis and that, in 2008, plaintiff was unable to be medically qualified due to inability to meet the CSO hearing requirements which included requirements for certain levels of unaided hearing ability. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12. Defendant denies the first sentence except to admit that plaintiff was removed from his position as a Court Security Officer. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the second sentence. Defendant denies the remaining allegations in this paragraph except to admit that the referenced documents, properly authenticated and sponsored, will speak for themselves and should be viewed as a whole and taken in appropriate context.

13. The first sentence of this paragraph contains plaintiff's characterization of portions of a written recommendation by a physician employed by the Department of Health and Human Services, to which no answer is required but, insofar as an answer may be deemed

to be required, the allegations are denied and the Court is respectfully referred to the referenced recommendation for a complete and accurate statement of its contents which, properly authenticated and sponsored, will speak for itself and should be viewed as a whole and taken in appropriate context. Defendant denies the allegations in the second sentence of this paragraph except to admit that CSOs are permitted to use hearing aids on the job. The third sentence is denied.

14. The allegations in this paragraph contain conclusions of law to which no response is necessary but, insofar as a response may be deemed to be required, the allegations are denied.

15. The allegations in the first two sentences of this paragraph contain conclusions of law with respect to defendant Akal to which no response is necessary but, insofar as a response may be deemed to be required, the allegations are denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence.

## DISABILITY DISCRIMINATION

16. The allegations of paragraph 16 of the Complaint contain conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Federal defendant denies the allegations in the first sentence. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Defendant denies the allegations in the third and fourth sentences. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the

fifth sentence. The sixth and seven sentences contain Plaintiff's characterization of 42 U.S.C. § 12112(b)(2) to which no response is required but, insofar as a response may be deemed required, the allegations are denied and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents. Defendant denies the remaining allegations in this paragraph, and the Court is respectfully referred to the cited statutes for a complete and accurate statement of their contents.

17. The allegations of paragraph 17 of the Complaint contain conclusions of law to which no response is necessary but insofar as a response is deemed to be required, the allegations are denied.

18. The allegations of paragraph 18 of the Complaint contain conclusions of law to which no response is necessary but insofar as an answer may be deemed to be required, the allegations are denied except to admit that the record referenced in the last sentence of this paragraph, when properly authenticated and sponsored, will speak for itself and should be viewed as a whole and taken in appropriate context.

19. The allegations of paragraph 19 of the Complaint contain conclusions of law to which no response is necessary. Insofar as a response is deemed to be required, the first sentence is denied except to admit that Plaintiff timely filed a charge of discrimination. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the second and third sentences of this paragraph. Defendant admits the allegations in the fourth and fifth sentences of this paragraph.

20. The allegations of paragraph 20 of the Complaint contain conclusions of law to which no response is necessary but, insofar as a response may be deemed to be required, the allegations are denied.

21. The allegations of paragraph 21 of the Complaint contain conclusions of law as to defendant Akal to which no response is necessary but, insofar as a response may be deemed to be required, the allegations are denied.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Complaint.

## RELIEF REQUESTED

This part of the Complaint sets forth Plaintiff's request for relief, to which no response is required. To the extent that a response may be required, Defendant denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff was not employed by the USMS, nor was USMS the joint employer of the plaintiff with co-defendant Akal Security, Inc.

2. The Americans With Disabilities Act (ADA) does not apply to an agency of the federal government.

3. Plaintiff's claims are barred or must be limited to the extent he failed to mitigate his damages.

4. At the time that Plaintiff was removed from the CSO position, Plaintiff did not have a disability within the meaning of the ADA or the Rehabilitation Act, was not regarded

as having a disability by the United States Marshals Service, and the Marshals Service did not have a record of an impairment that substantially limits one or more of Plaintiff's major life activities.

5. Plaintiff was not a qualified individual with a disability under the ADA or the Rehabilitation Act. The essential functions of the CSO position include the ability to hear and comprehend speech and to localize the source of sounds. Plaintiff had a decreased ability to hear soft sounds, to localize sounds, and to distinguish speech, especially in background noise. In addition, because Plaintiff had no functional hearing in his right ear, he lacked the hearing capacity necessary to localize sound. Because of the limitations on Plaintiff's ability to hear soft sounds, to distinguish speech and to localize the source of sounds, Plaintiff could not perform the essential functions of the CSO position in a safe, efficient and effective manner.

6. The hearing standards utilized by the United States Marshals Service, including the requirement that CSOs have the ability to hear and comprehend speech, to localize sounds, and hear sounds that require investigation or that alert to danger, substantially promote USMS' central objective of providing security at federal courthouses in a safe, efficient and effective manner, and are therefore job related and consistent with business necessity. The application of the standards was appropriate and lawful and, at all times, motivated by legitimate, non-discriminatory reasons.

7. The requirement that CSOs meet the hearing standards utilized by the Marshals Service constitutes a bona fide occupational qualification standard. The application of the standard was appropriate and lawful and, at all times, motivated by legitimate, non-

discriminatory reasons.

8. There is no reasonable accommodation that would provide Plaintiff with the binaural hearing (*i.e.*, hearing in both ears) necessary to enable Plaintiff to perform the essential functions of the CSO position, including localization of sound. Allowing Plaintiff to perform the duties of a CSO without the requisite ability to hear and comprehend speech and to localize sound would jeopardize the ability of the United States Marshals to provide security at federal courthouses in a safe, efficient and effective manner. Accordingly, waiver of the hearing standards is not a reasonable accommodation and would pose an undue hardship on the United States Marshals Service.

9. Allowing Plaintiff to provide security at federal courthouses even though Plaintiff has a decreased ability to hear soft sounds and to distinguish speech, especially in background noise, and lacks the ability to localize sound would pose a significant risk of harm that would pose a direct threat to the health and safety of plaintiff, judges and other individuals who work in the federal courthouse, and members of the public.

10. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

11. Defendant respectfully reserves the defenses of sovereign immunity of the United States, failure to exhaust administrative remedies, lack of subject matter jurisdiction, failure to join indispensable parties under Fed. R. Civ. P. 19, statute of limitations, laches, equitable estoppel, lack of mutual mistake, accord and satisfaction, assumption of risk, contributory negligence, waiver, statute of frauds, fraud, release, res judicata, and any other doctrine or theory of law, whether legal or equitable, constituting a defense, counter-claim,

or avoidance.

Wherefore, having answered, Defendant respectfully requests that the Court enter judgment in its favor, award Defendant its costs and attorneys' fees, and provide such other relief as the Court deems just and proper.

Dated: June 1, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

THOMAS SCOTT WOODWARD
United States Attorney

CATHRYN D. McCLANAHAN, OBA #14853
Assistant United States Attorney

JOSEPH W. LOBUE
Assistant Director, Federal Programs Branch

   */s/ Elisabeth Layton*
ELISABETH LAYTON (DC #462227)
Senior Counsel
Civil Division, Federal Programs Branch
United States Department of Justice
20 Massachusetts Avenue, N.W., Room 7110
Washington, DC 20530
Tel.: (202) 514-3183
Fax: (202) 616-8470
Elisabeth.Layton@usdoj.gov

*Attorneys for federal defendant*

CERTIFICATE OF SERVICE

       I hereby certify that on the 1st day of June, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael D. McGrew, Esq.
mcgrewslaw@yahoo.com
*Attorney for Plaintiff*

Katherine L. Butler, Esq.
kathy@butlerharris.com
*Attorney for Plaintiff*

John Griffin, R., Esq.
jwg@lawmgk.com
*Attorney for Plaintiff*

Eva Camille Madison
emadison@littler.com
*Attorney for Defendant Akal Security*

Cathryn Dawn McClanahan
cathy.mcclanahan@usdoj.gov
*Attorney for Defendant Eric Holder*

                                              */s Elisabeth Layton*