IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Alvin R. McDonald | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 09-CV-573-CVE-TLW |
| | ) | |
| v. | ) | |
| | ) | |
| Akal Security and Eric Holder, | ) | (Expedited Consideration Requested) |
| Attorney General of the United States, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FEDERAL DEFENDANT'S MOTION
TO SEAL CONFIDENTIAL MEDICAL RECORDS**

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Local Rule 79.1, Eric Holder, Attorney General of the United States (hereinafter "Federal Defendant") respectfully moves this Court to enter an order requiring that three exhibits that were previously publicly filed in this action be maintained by the Clerk under seal. As we explain below, these three exhibits contain confidential medical records of court security officers (CSOs) who are not parties in this action. The records were produced to Plaintiff's counsel by the United States Marshals Service during the course of separate litigation in the Southern District of Texas subject to a Protective Order which prohibits public disclosure of the information contained therein. Federal Defendant has conferred with counsel for the other parties in this matter and ascertained that Defendant Akal Security ("Akal") does not oppose the instant motion; however, Plaintiff does oppose this motion.

## BACKGROUND

Confidential CSO medical records have been publicly filed on this Court's Electronic Case Files (ECF) System on three separate occasions thus far in this litigation. [Dkt. Nos. 17-2, 43-12, and 46-2]. On March 22, 2010, Federal Defendant filed a Motion To Stay Discovery [Dkt. No. 17-2] which included a copy of Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Eric Holder, Attorney General of the United States (hereinafter "Plaintiff's Discovery Requests"). Appended to Plaintiff's Discovery Requests are redacted copies of medical records of CSOs, none of whom is a party to this action. Plaintiff's counsel did not inform Federal Defendant's counsel that these documents are confidential when Plaintiff's Discovery Requests were served; nor did they inform Federal Defendant's counsel that the documents are subject to protective orders entered in separate litigation brought by Plaintiff's counsel in the Southern District of Texas. *See* Protective Order (Privacy Act and HIPPA) dated March 18, 2004, *Gunnels v. Akal Security, Inc.*, No. V-02-132 (S.D. Tex.) (Copy attached hereto as Exhibit A). Consequently, at the time that Federal Defendant filed his motion for stay on this Court's ECF system, Federal Defendant's counsel did not realize that Plaintiff's Discovery Requests included medical records which are required by both federal law and a federal court order to be kept confidential.

Subsequently, on June 18, 2010, Federal Defendant filed his Motion for Protective Order Precluding Discovery of Medical Records of Non-Parties ("Motion for Protective Order") [Dkt. No. 42]. As Federal Defendant explained in the memorandum supporting that motion (at 12-14), the Americans With Disabilities Act ("ADA") expressly requires that medical records be kept

confidential, and strictly limits disclosure to: (1) informing supervisors and managers of "necessary restrictions on the work or duties of the employee and necessary accommodations;" (2) informing first aid and safety personnel "if the disability might require emergency treatments;" and (3) providing relevant information to "government officials investigating compliance with this chapter." 42 U.S.C. § 12112(d)(3)(B) and (d)(4)(C). Quite apart from these statutory restrictions on disclosure, CSO medical records that are already in the possession of Plaintiff's counsel are subject to the restrictions contained in the Protective Order entered in the *Gunnels* litigation. Notwithstanding the pendency of Federal Defendant's Motion for Protective Order and the continuing obligations of Plaintiff's counsel under the *Gunnels* protective order, on June 21, 2010, Plaintiff filed a Motion to Compel Discovery from Federal Defendant on this Court's publicly available ECF system. [Dkt. No. 43]. Exhibit 11 to that motion, which was also publicly filed on this Court's ECF system, consists of 60 pages of medical records of non-party CSOs. [Dkt. No. 43-12].

After review of Plaintiff's motion to compel and the supporting exhibits, Federal Defendant's counsel undertook a review of all public filings in this case to determine whether any additional confidential materials had been filed on the public record in this action. As a result of that review, Federal Defendant's counsel discovered that additional CSO medical records were appended to Plaintiff's Discovery Requests, a copy of which had been filed with Federal Defendant's Motion for Stay. At the same time, Federal Defendant's counsel determined that these CSO's medical records are subject to the Protective Order entered in *Gunnels*. Consequently, on June 24, 2010, Federal Defendant's counsel contacted the Clerk by telephone

and requested that Exhibit A to Federal Defendant's Motion for Stay be temporarily sealed. *See* notation by Clerk re Dkt. No. 17.[1]

On the following day, June 25, 2010, Federal Defendant's counsel contacted Plaintiff's counsel, and informed them that some of the materials in Exhibit 11 to Plaintiff's Motion to Compel [Dkt. No. 43-12] are medical records that are subject to the Protective Order in *Gunnels*. To come into compliance with the Court's Order, Federal Defendant requested that Plaintiff's counsel contact the Clerk by telephone immediately to request that the Clerk temporarily seal Exhibit 11. *See* Exhibit B (email from Elisabeth Layton to John Griffin dated June 25, 2010). Plaintiff's counsel Kathy Butler responded on June 28, 2010, and stated that Plaintiff's counsel did not believe that it was necessary to seal Exhibit 11, and would oppose any motion to seal that exhibit. *See* Exhibit C (email from Kathy Butler to Elisabeth Layton, dated June 28, 2010).

After the parties were unable to resolve the dispute, on June 29, 2010, Federal Defendant's counsel contacted Magistrate Judge Wilson's Courtroom Deputy to request a telephonic conference. While that request was pending, Plaintiff's counsel publicly filed yet another copy of the confidential medical records in Exhibit 11 that same day with certain information referenced in Local Rule 5.3 redacted. [Dkt. No. 46-2].[2] Later that afternoon, the parties participated in a telephone conference with Magistrate Judge Wilson's Courtroom Deputy. After Plaintiff's

---

[1] Federal Defendant filed a redacted copy of Exhibit A to his Motion for Stay on June 30, 2010. [Dkt. No. 48].

[2] While the corrected Exhibit 11 may satisfy the requirements of Local Rule 5.3, it nevertheless includes confidential medical records of non-parties, which are precluded from public disclosure both by a federal statute and a protective order entered by a federal district court. Accordingly, these records may not be disclosed upon the public record in redacted or unredacted form. *See McNichols v. Klutznick*, 644 F.2d 844, 845 (10th Cir. 1981) (use of a protective order requiring confidential treatment of specified information does not adequately protect information subject to statutory disclosure restriction).

counsel refused a request by the Courtroom Deputy to temporarily place Exhibit 11 under seal voluntarily, the Courtroom Deputy consulted with Magistrate Judge McCarthy, after which she informed the parties that Magistrate Judge McCarthy directed that Exhibit 11 be placed temporarily under seal pending the Court's resolution of this motion.

## ARGUMENT

The confidential medical information contained in these three exhibits should be sealed for two reasons. First, as discussed in detail in Federal Defendant's Motion For Protective Order [Dkt. No. 42], the Americans With Disabilities Act ("ADA") expressly requires that information obtained regarding the medical condition or history of an applicant or employee must be treated as a "confidential medical record." 42 U.S.C. § 12112(d)(3)(B) and (d)(4)(C). The *only* exceptions specified in the Act are that "(i) supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations; (ii) first aid and safety personnel may be informed when appropriate, if the disability might require emergency treatment; and (iii) governmental officials investigating compliance with this chapter shall be provided with relevant information on request." *Id.* at § 12112(d)(3)(B). Moreover, the Act provides that "the results of a medical examination are [to be] used only in accordance with this subchapter." *Id.*, at § 12112(d)(3)(C). Thus, Congress manifestly did not intend that confidential medical information subject to the requirements of the Act be made available on the internet to the public at large as Plaintiff's counsel have done here. For that reason alone, these three exhibits should be maintained by the Court under seal.

Second, the documents in question were obtained from the United States Marshals Service ("USMS") in discovery in *Gunnels v. Akal Security Inc.*, No. V-02-132 (S.D. Tex), and are

subject to a protective order entered by the Court in that matter which, by its terms, prohibits public disclosure of this information. As a matter of comity, this Court should not facilitate conduct by a party or his counsel that violates a Protective Order entered by another district court.

In *Gunnels,* the Court entered a Protective Order on March 18, 2004, which incorporated the provisions of the Confidentiality & Protective Order previously entered by the Court on December 1, 2003. Paragraph 2 of the December 1, 2003 Protective Order permits the medical records to be "made available for similar lawsuits by and among similar parties" provided that the party intending to use such information provides the "party who provided the confidential information" with "advance notice of intention to disclose . . . at least ten days prior to disclosure" and specifies that the "party who produced the confidential information may file an objection and request a Protective Order from the Court." No such notice and opportunity to object was provided to Federal Defendant prior to Plaintiff's filing of Exhibit 11 on the public docket.

In any event, Paragraph 3 of the December 1, 2003 order strictly limits disclosure of confidential medical information in both *Gunnels* itself and in similar lawsuits. More specifically, the Order provides that confidential medical information "shall not be disclosed by Plaintiffs (or their counsel) or Defendant's representatives (or their counsel) to any natural person, corporation, partnership, firm or association whatsoever" with certain exceptions specified in the Order. *See* Protective Order (Privacy Act & HIPPA), Dkt. No. 122 (March 18, 2004), *Gunnels v. Akal Security, Inc.*, No. V-02-132 (S.D. Tex.), attached hereto as Exhibit A. Paragraph 3 of the December 1, 2003 Protective Order authorizes disclosure of protected medical records *only* to counsel for the parties in litigation against Defendant Akal or Federal Defendant and their employees, experts, court reporters, jurors, and "the trial or appellate courts or their respective

staffs." Accordingly, the Order specifically and expressly prohibits Plaintiff (or his counsel) from publicly disclosing the medical records included within Exhibit 11 (*see* Dkt. Nos. 43-12 and 46-2). Similarly, the Order expressly prohibits public disclosure of the medical records that are appended to Plaintiff's Discovery Requests, a copy of which were attached as Exhibit A to Federal Defendant's Motion For Stay. *See* Dkt. No. 17-2. Accordingly, all three documents should be maintained by this Court under seal.

A hearing is currently scheduled for July 14, 2010, at 2:00 p.m. to address Federal Defendant's Motion For Protective Order [Dkt. No. 42] and Plaintiff's Motions To Compel [Dkts. Nos. 43 and 47]. *See* Minute Orders dated June 24, 2010 and July 1, 2010 [Dkt. Nos. 45 and 49]. In order to conserve judicial resources and expeditiously resolve this matter, Federal Defendant respectfully requests that the instant Motion To Seal also be addressed at that July 14, 2010 hearing. Undersigned counsel has conferred with counsel for Plaintiff and Defendant Akal Security, Inc. ("Akal"). Defendant Akal consents to Federal Defendant's request that the matter be heard at the July 14, 2010 hearing. Plaintiff's counsel has advised that Plaintiff opposes this request.

Date:   July 1, 2010                    Respectfully submitted,

                                        TONY WEST
                                        Assistant Attorney General

                                        THOMAS SCOTT WOODWARD
                                        United States Attorney

                                        CATHRYN D. McCLANAHAN, OBA #14853
                                        Assistant United States Attorney

-8-

        JOSEPH W. LOBUE (DC#293514)
Assistant Branch Director
Federal Programs Branch

*/s  Elisabeth Layton*
ELISABETH LAYTON (DC #462227)
SUSAN K. ULLMAN (DC #426874)
Senior Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW – Rm. 7110
Washington, DC 20001
Telephone: (202) 514-3183
*Attorneys for Federal Defendant*

**CERTIFICATE OF SERVICE**

   I hereby certify that on July 1, 2010, I sent copies of the foregoing document, via e-mail, to the following:

John Griffin, Jr.
Marek, Griffin & Knaupp
203 N. Liberty Street
Victoria, TX 77901
(361) 573-5040
(361) 573-5040 (facsimile)
Email: jwg@lawmgk.com

Katherine L. Butler
Butler & Harris
1007 Heights Blvd.
Houston, TX 77008
(713) 526-5677
(713) 526-5691
Email: kathy@butlerharris.com

Michael Dennis McGrew
Michael D McGrew & Associates PC
223 N. 3rd St., Ste. 206
Muskogee, OK 74401
(918) 684-4321
(918) 684-4322
Email: mcgrewslaw@yahoo.com

Eva Camille Madison
Littler Mendelson PC
3739 Steele Blvd., Ste 300
Fayetteville, AR 72703
(479) 582-6100
(479) 582-6111
Email: emadison@littler.com

                 */s Elisabeth Layton*
                 Elisabeth Layton