IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Alvin R. McDonald, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Eric Holder, )<br>Attorney General of the United States, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 09-CV-573-CVE-TLW |

**JOINT MOTION OF PROTOCOL FOR
PRODUCTION OF CSO MEDICAL INFORMATION**

Pursuant to Chief Judge Eagan's Order of October 26, 2010 ("October 26 Order") and this Court's Minute Order of November 2, 2010, the parties have met and conferred in an effort to reach agreement regarding a protocol for the production, redaction, and filing of medical records of court security officers (CSOs) who are not parties to this action. The following describes the points upon which the parties have reached agreement as well as those on which the parties have been unable to reach agreement. The parties respectfully request that the Court convene a telephonic hearing to resolve the parties' remaining differences.

**1.** Without prejudice to Defendant's right to seek a stay of the October 26 Order (and Defendant's obligation to produce medical records to Plaintiff) pending further review in the United States Court of Appeals for the Tenth Circuit, the parties have agreed that the following protocol for production of electronically stored information maintained for the United States Marshals Service by the Office of Federal Occupational Health Services (FOH), Public Health Service, United States Department of Health and Human Services is consistent with the District Court's October 26 Order:

Defendant has represented that records of medical reviews are maintained for the Marshals Service by FOH in an electronic database called Medical Evaluation Requirements Information Tracking System (MERITS). Defendant has further represented that the MERITS database contains information that is input into the database from a form entitled Certificate of Medical Examination for Court Security Officers, Form CSO-229 (formerly Form USM-229) which documents the annual medical examination that each CSO undergoes to determine whether that CSO is medically qualified for the CSO position. In addition, Defendant has represented that the MERITS database contains data from laboratory and electrocardiogram (EKGs) results, any supplemental information submitted to FOH on a CSO's behalf, and FOH's determinations and medical review officer notes, if any, as to whether each CSO is medically qualified. Defendant has also submitted a description of the data contained in the MERITS database. [Dkt. No. 107-1]. Within fourteen (14) days from the date of this Order, Defendant and FOH shall produce to Plaintiff's counsel an external USB hard drive containing the information described above for medical reviews of applicant and incumbent CSOs completed between January 1, 2005 and August 10, 2010. Defendant and FOH need not produce medical reviews of applicants who were never employed as CSOs.

2.      Defendant has represented that FOH has also retained certain CSO-229 forms and attached laboratory results for CSOs found to be medically qualified. Defendant has further represented that FOH performs approximately 6,000 medical reviews of CSOs annually, and

each CSO-229 form plus attached EKG and laboratory results consists of approximately 20 pages. The parties have been unable to agree upon the method of production of these records. The parties respective positions are set out below:

### A.      Defendant's Position

Defendant maintains that the information contained in the CSO-229 forms is largely duplicative of information contained in the MERITS database. Nevertheless, in the absence of a stay of the Court's October 26 Order, Defendant has proposed to make the CSO-229 forms and related information that FOH has retained available to Plaintiff or his representatives for inspection and copying at FOH's offices in Atlanta, Georgia, on mutually agreeable dates or, in the absence of an agreement, within 21 days from the date of this Order. In the alternative, Defendant is prepared to arrange for each CSO-229 form to be electronically scanned and produced in PDF format on disks to Plaintiff's counsel provided Plaintiff agrees to reimburse FOH for the cost of production.

Defendant disputes Plaintiff's contention that Defendant has refused to provide information regarding the time periods in which CSO-229 forms were maintained. To the contrary, Defendant responded under oath to Interrogatories Numbers 13-18 of Plaintiff's First Set of Interrogatories regarding records maintained by FOH during the period from 2003 through the present. See Dkt. # 55-1. Defendant explained in his November 1, 2010 submission how any notes made by an examining physician on a CSO-229 form are captured in MERITS and how any notes made by a Medical Review Officer are captured in MERITS. See Dkt. # 107 at 6-7.

### B. Plaintiff's Position

The plaintiff has asked the defendant to state the quantity of CSO-229 forms that will be produced, but the defendant has refused to provide this information. This is especially important because the defendant has also represented that the 229 forms sometimes carry handwritten notes from the doctor of the type provided by the defendant to plaintiff's counsel in the *Gunnels* litigation.

Plaintiff maintains that Defendant should produce these records in electronic form or produce them on paper at Defendant's expense, since the defendant had previously kept and produced the type of information sought in its records, but now, in an effort to better its litigation position, has ceased doing so. Further, the government has provided neither an estimate of the costs involved nor explained why it changed its policy to eliminate notes from most medical records. In either case, however, since the defendant refuses to divulge the number of such records or the cost it seeks to collect, the plaintiff cannot simply accede to this demand, especially since the government and the undersigned have always paid for the copying of documents that have been provided to opposing counsel**.**

3.      The parties have been unable to agree upon a protocol for court filing of records that contain CSO medical information. The parties' respective positions are as follows:

### A. Defendant's Position

On September 28, 2010, the Court entered a Protective Order governing third party medical records. [Dkt. 91]. Paragraph 2(f) of that Order provided as follows:

Consistent with this Court's Opinion and Order of August 10, 2010, granting Defendant's Motion to Seal the medical records and information of non-parties, as modified by the

4

>Court's Minutes of September 23, 2010, any party filing any documents or materials with the Court containing or reflecting the medical information of non-parties *whose personally identifying information is not removed*, shall do so under seal and shall label the documents or materials "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER" and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  In addition, at least 48 hours before filing any medical information that is not under seal, the plaintiff must provide to defendant redacted versions of those records to be filed.  The defendant will have that period *to verify that all personally identifying information has been removed*.

Protective Order as to Medical Records and Information [Dkt. No. 91] at 3 (emphasis supplied).

On October 4, 2010, Federal Defendant filed Objections to the Protective Order and sought review of the Order by the District Court. [Dkt. No. 92].  Specifically, Federal Defendant objected to the fact that "Paragraph 2(f) requires that documents containing or reflecting medical records and information of non-parties be filed under seal *only* if 'personally identifying information is not removed.'"  Dkt. No. 92 at 1.  On October 26, 2010, the District Court concluded that:

>While plaintiff has shown that the Reports are subject to discovery, the Court must take appropriate steps to protect the privacy interests of third parties to this litigation and to avoid the unnecessary disclosure of medical information.  It may be permissible for the parties to file unsealed versions of the Reports after thorough redactions are made, but defendant has raised valid concerns about the confidentiality of medical information in the Reports.  Plaintiff argues that the protective order requires him to show defendant a

5

> copy of a redacted version of the Report that will not be filed under seal. Dkt.# 93, at 2. However, this does not address the government's argument that the protective order fails to require sufficient redaction of the reports, because it imposes no requirement on plaintiff to redact specific information from the Reports and it does specify a procedure to resolve disputes if defendant believes that redactions are insufficient.

Dkt. # 91 at 10-11. Accordingly, the Court found that "defendant's appeal [Dkt. # 92] of the September 28, 2010 protective order (Dkt. # 91) should be granted, and is recommitted to the magistrate judge for further proceedings to determine a protocol for production of the Reports and to clarify what redactions must be made to permit the filing of unsealed versions of the Reports." Opinion and Order at 11 [Dkt. # 91]. In a footnote, the Court states that: "If the case proceeds to trial, it may be necessary for plaintiff to use redacted copies of reports as evidence and defendant's position that Reports must be sealed for all purposes is untenable. While redaction of any information that could be used to identify a third party must be redacted, plaintiff has legitimate and necessary uses for redacted and unsealed copies of Reports, and the Court will not exclude such evidence in its entirety." *Id.* at 11 n.3.

In accordance with the District Court's Opinion, Defendant submits that Paragraph 2(f) of the September 28, 2010 Protective Order should be modified to read as follows:

> Consistent with this Court's Opinion and Order of August 10, 2010, granting Defendant's Motion to Seal the medical records and information of non-parties, as modified by the Court's Minutes of September 23, 2010, any party filing any documents or materials with the Court containing or reflecting the medical information of non-parties shall do so under seal and shall label the documents or materials "CONFIDENTIAL

INFORMATION - SUBJECT TO PROTECTIVE ORDER" and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. In addition, at least 48 hours before filing any document containing medical information that is not under seal, the plaintiff must provide to defendant redacted versions of those records to be filed. The defendant will have that period to verify that all medical information has been removed. Nothing in this Protective Order shall limit what evidence may be offered or admitted into evidence at trial in this action in accordance with such procedures as the District Court may adopt.

### B. Plaintiff's position:

Plaintiff believes that Chief Judge Eagan has already determined that records devoid of any personal identifiers need not be sealed. The defendant believes that all these records must be filed under seal regardless of the fact that all personal identifiers are redacted. The plaintiff believes this is wholly unwarranted and contrary to law. Judge Eagan has ruled that the protective order needs to address both the specific information that must be redacted from medical records and a process for resolving any dispute between the parties about *whether the records are properly redacted*. (Dkt. 98 at 10-11). He thus asks that the language of the protective order be revised to state the information that must be redacted from the medical records is names, social security numbers, dates of birth, addresses and the federal circuit where the CSO works. He also agrees to provide such redacted documents 48 hours in advance of filing so that the defendant will have an opportunity to verify that all personal identifiers have been removed (but notes that the defendant's proposal incongruously requires him to provide redacted records – which would then be filed under seal without redactions.) He also asks that the Order

indicate that, should the defendant not agree that all personal identifiers were removed, it would specify the remaining information that should be deleted and should the parties not be able to come to agreement, the records would be filed under seal until this Court rules on the propriety of filing them publicly.

## **CONCLUSION**

Accordingly, the parties respectfully request that the Court convene a telephonic hearing to resolve the remaining issues between the parties.

| | |
|---|---|
| Date:  November 8, 2010 | TONY WEST<br>Assistant Attorney General<br>THOMAS SCOTT WOODWARD<br>United States Attorney<br>CATHRYN D. McCLANAHAN,<br>(OBA #14853)<br>Assistant United States Attorney<br><br>JOSEPH W. LOBUE (DC #293514)<br>Assistant Director, Federal Programs Branch<br><br>  /s/ Susan K. Ullman<br>ELISABETH LAYTON (DC #462227)<br>SUSAN K. ULLMAN (DC #426874)<br>Senior Counsel<br>U.S. Department of Justice, Civil Division<br>Federal Programs Branch<br>20 Massachusetts Ave., NW – Rm. 7146<br>Washington, DC 20001<br>Telephone: (202) 616-0680<br><br>*Attorneys for Defendant Eric Holder,*<br>*Attorney General of the United States* |
| Dated: November 8, 2010 |   /s/ Katherine L. Butler<br>KATHERINE L. BUTLER<br>Texas Bar No. 03526300<br>1007 Heights Boulevard<br>Houston, Texas 77008<br>Tel.: (713) 526-5677<br><br>JOHN GRIFFIN, JR.<br>Texas Bar No. 0840300<br>203 North Liberty Street<br>Victoria, Texas 77901<br>Tel.: 361-573-5500<br><br>MICHAEL D. McGREW, OBA #13167<br>223 North 3rd Street, No. 206<br>Muskogee, Oklahoma 74401<br><br>*Attorneys for the Plaintiff* |

9

CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of November 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael D. McGrew, Esq.
mcgrewslaw@yahoo.com
*Attorney for Plaintiff*

Katherine L. Butler, Esq.
kathy@butlerharris.com
*Attorney for Plaintiff*

John Griffin, R., Esq.
jwg@lawmgk.com
*Attorney for Plaintiff*

                                            */s/ Susan K.Ullman*