UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALVIN R. MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0573-CVE-TLW |
| | ) | |
| ERIC HOLDER, | ) | |
| Attorney General of the United States, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court are defendant's Motion for Order Permitting Immediate Appeal and for Stay of Further Proceedings (Dkt. ## 137, 139) and defendant's Second Motion for Extension of Deadlines (Dkt. # 138). Defendant asks the Court to certify its opinion and order (Dkt. # 98) for interlocutory appeal to the Tenth Circuit Court of Appeals and asks the Court to extend defendant's deadline to produce certain discovery. The Court has reviewed defendant's motions and finds that it is unnecessary for plaintiff to respond.

Plaintiff, a former court security officer (CSO), filed this case alleging that defendant terminated his employment in violation of the Rehabilitation Act, 29 U.S.C. § 791 et seq. Defendant asserted affirmative defenses, inter alia, that the job qualification used to terminate plaintiff's employment was a business necessity and plaintiff's continued employment would have posed a direct threat to the health and safety of others. Dkt. # 7, at 6. Plaintiff sought discovery of "determination of fitness reports" and accompanying backup documentation for all CSOs across the country from January 1, 2005 to the present. Defendant argued that the requested discovery was privileged under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), because the

reports and documentation constituted confidential medical records of third parties gathered during an authorized medical examination. The magistrate judge ordered defendant to produce the discovery and rejected defendant's argument that the discovery was privileged under the ADA. Dkt. # 76. Defendant appealed the magistrate judge's order to the undersigned, and the undersigned affirmed the magistrate judge's order. Dkt. # 98. However, the undersigned remanded the matter to the magistrate judge to determine a protocol for the production of documents. Id. at 10-11.

The magistrate judge held a hearing on November 2, 2010, and the parties could not agree on a protocol. Defendant continued to assert his objection that the ADA precluded the discovery sought by plaintiff. See Dkt. # 105 (November 1, 2010 letter from defendant to magistrate judge reasserting objections to discovery ands stating that defendant was considering whether to seek an interlocutory appeal). The magistrate judge entered an order on November 11, 2010 requiring the production of electronically stored information by December 2, 2010, and requiring each party to bear the cost of copying CSO-229 forms that each party believes are relevant to its case. Dkt. # 119. He also directed plaintiff to file medical records of third parties under seal or redact any confidential medical information from the records before filing an unsealed version of a document. Id. at 5-6. At defendant's request, the magistrate judge extended the deadline for production of discovery, and granted defendant until December 17, 2010 to produce the required discovery. Dkt. # 129. On December 16, 2010, defendant filed a motion for leave to take an interlocutory appeal of the Court's opinion and order (Dkt. # 98) and requests that he not be required to produce any discovery until the Court rules on his motion for interlocutory appeal. See Dkt. ## 137, 138.

Under 28 U.S.C. § 1292(b), a district judge may certify an interlocutory appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." If a district judge makes this certification, the moving party may seek leave from the court of appeals to pursue an interlocutory appeal. Homeland Stores, Inc. v. Resolution Trust Corp., 17 F.3d 1269, 1271 (10th Cir. 1994). Section 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare. Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004). Interlocutory appeals may be permitted when an immediate appeal of a controlling issue will avoid protracted litigation. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996); State of Utah by and through Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994). However, pretrial discovery orders are generally not appropriate for interlocutory appeal. See Raiser v. Church of Jesus Christ of Latter-Day Saints, 182 Fed. Appx. 810 (10th Cir. May 31, 2006)[1]; Hooker v. Continental Life Ins. Co., 965 F.2d 903, 904 (10th Cir. 1992).

The Court initially notes that defendant waited until the day before he was required to produce discovery to request leave to file an interlocutory appeal, even though defendant stated as early as November 1, 2010 that he was considering requesting this relief. Dkt. # 105. Some courts have considered the timeliness of a motion under § 1292(b) when determining if an order should be certified for interlocutory appeal. See Ahrenholz v. Bd. of Trustees of University of Illinois, 219 F.3d 674, 675 (7th Cir. 2000) ("There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed."); Lopez v. Youngblood, 2009 WL 2062883 (E.D. Cal. July 15, 2009) ("A section 1292(b) petition must be filed

---

[1]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

3

in the district court within a reasonable time after the order sought to be appealed."); Fabricant v. Sears Roebuck & Co., 2001 WL 883303 (S.D. Fla. Jan 29, 2001) (finding the defendant's motion for certification of an order for interlocutory appeal untimely when filed approximately one and a half months after the order was entered); Morton College Bd. of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero, 25 F. Supp. 2d 882, 884-85 (N.D. Ill. 1998) (finding motion to certify order under § 1292(b) untimely when filed 30 days after the order sought to be appealed was entered). Although timeliness is not a statutory requirement, the Court finds that timeliness should be considered when exercising its discretion to certify an order for interlocutory appeal under § 1292(b). One of the primary purposes of an interlocutory appeal is to expedite litigation and avoid protracted litigation. See White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). Delay in filing a motion to certify an order for interlocutory appeal suggests that a party may be seeking to avoid an unfavorable ruling, rather than to expedite the litigation for the benefit of the Court and all parties. This consideration is relevant in this case and the untimeliness of defendant's motion weighs against granting defendant's request for leave to file an interlocutory appeal.

As to the merits of defendant's motion for interlocutory appeal, defendant overstates the effect of the Court's discovery order and fails to acknowledge that his trial strategy makes the disputed discovery relevant. Defendant's affirmative defenses of business necessity and direct threat have made the determination of fitness reports and backup documentation reports relevant, and plaintiff has the right to conduct discovery to rebut these affirmative defenses. Defendant has also been advised by the magistrate judge and the undersigned that his proposed trial strategy also supports plaintiff's request for discovery. See Dkt. # 76, at 3; Dkt. # 98, at 7. Defendant states that he intends to call a witness who will testify that defendant uniformly applies the relevant physical

4

qualifications for CSOs. However, defendant opposes any request by plaintiff to review the documentation underlying the proposed expert's testimony and offers no alternative method for plaintiff to meaningfully cross-examine the witness. Defendants also fails to mention that he has already produced similar documents to the same attorneys in another case, because the discovery was found to be relevant in a similar Rehabilitation Act case brought by a former CSO. Dkt. # 98, at 2 n.2. In other words, defendant was on notice from previous litigation that the disputed discovery could be at issue and was found by another court to be relevant and discoverable, but defendant adopted the same trial strategy in this case. To support his argument that there is "substantial ground for difference of opinion," defendant simply cites cases that the Court has previously found are not relevant to the discovery issue before the Court. Dkt. # 137, at 7-10. The magistrate judge and the undersigned have considered the authority cited by defendant and rejected defendant's argument that the ADA creates a privilege preventing discovery of the determination of fitness reports and backup documentation. Defendant has cited no case adopting his argument for a discovery privilege, and acknowledges that the only published considering this issue does not support defendant's argument. See Scott v. Leavenworth Unified Sch. Dist. No. 453, 190 F.R.D. 583 (D. Kan. 1999) (authorizing production of medical records of co-workers and rejecting assertion of privilege under the ADA). Thus, there is no substantial ground for difference of opinion as to defendant's argument.

An interlocutory appeal is rarely permitted and defendant has not shown that this case is appropriate for an immediate appeal of the Court's opinion and order (Dkt. # 98) requiring defendant to produce certain discovery. The Tenth Circuit has recognized that "most interlocutory orders disadvantage or inflict some degree of harm on one of the parties to a litigation" but courts "must

balance that concern against the need for efficient judicial administration, the delay caused by interlocutory appeals, and the burden on appellate courts imposed by fragmentary and piecemeal review of the district court's myriad rulings in the course of a typical case." Boughton v. Cotter Corp., 10 F.3d 746, 748 (10th Cir. 1993). Defendant has not shown that immediate interlocutory appeal of a discovery order is necessary or that it will advance the ultimate termination of this litigation. Defendant may not wish to produce the discovery, but he has not shown that complying with the discovery order will result in irreparable harm that cannot be cured by an appeal of a final judgment. The Court finds no reason to delay this case by authorizing an unnecessary interlocutory appeal that is unlikely to resolve a controlling issue of law, and defendant's motion for leave to take an interlocutory appeal should be denied. However, the Court will give defendant a brief extension of his deadline to comply with the magistrate judge's November 11, 2010 discovery order in light of the filing of the present motions.

**IT IS THEREFORE ORDERED** that defendant's Motion for Order Permitting Immediate Appeal and for Stay of Further Proceedings (Dkt. ##137, 139) is **denied**. Defendant's Second Motion for Extension of Deadlines (Dkt. # 138) is **granted in part** and **denied in part**, and defendant's deadline to produce discovery in compliance with the magistrate judge's November 11, 2010 order is extended to **December 23, 2010**.

**DATED** this 17th day of December, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT