IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ALVIN R. MCDONALD, )
)
Plaintiff, )
)
v. )
) CASE NO. 09-CV-573-CVE-TLW
ERIC HOLDER, Attorney General of the )
United States, )
)
Defendant. )
)

## STIPULATION AND ORDER OF SETTLEMENT

Subject to approval of the Court, Plaintiff Alvin R. McDonald ("Plaintiff") and Eric Holder, Attorney General of the United States ("Defendant") hereby stipulate and agree as follows.

On September 4, 2009, Plaintiff filed this action alleging that Defendant discriminated against him in violation of section 501 of the Rehabilitation Act of 1973, as amended, by terminating his employment as court security officer on the basis of disability. Defendant denies Plaintiff's allegations and maintains that all of the actions taken by Defendant with respect to Plaintiff comply fully with the Rehabilitation Act, and all other applicable laws, regulations and requirements, and further denies that Plaintiff is entitled to any relief in this action. The Parties now mutually desire to resolve all of Plaintiff's claims against Defendant in this action without the need for further litigation except as expressly provided herein, and without any admission of liability by any party.

Accordingly, the Parties hereby agree to compromise, settle and resolve all of the claims asserted by Plaintiff against the Defendant in this action for $75,000 and such reasonable attorneys' fees, costs and litigation expenses, as may be awarded by the Court in accordance with the following terms and conditions:

1. Upon approval of this Stipulation and Order of Settlement by the Court, Defendant agrees to pay to Plaintiff by wire transfer the sum of $75,000 (seventy-five thousand dollars) which payment shall be in full and final satisfaction of any and all of Plaintiff's claims against Defendant in this action, with the exception of any claim for attorneys' fees, costs, and litigation expenses incurred in this litigation. Plaintiff's counsel shall provide to Defendant's counsel the bank routing and account information of the account designated by Plaintiff to receive payment in accordance with this paragraph. Within five business days after approval of this Stipulation and Order by the Court or the receipt of the bank routing and account information, whichever is later, Defendant's counsel shall prepare and submit the required documentation to the Department of Treasury for the processing of the payment to Plaintiff.

2. Except as specified in paragraph 4 below, Plaintiff, for himself and his administrators, heirs, representatives, successors, or assigns, hereby waives, releases and forever discharges Defendant, the United States Department of Justice, and all of its agencies, components, offices or establishments, and any officers, employees, agents, or successors, of any such department, agencies, components, offices or establishments, either in their official or individual capacities, from any and all claims, demands and causes of action of every kind, nature or description, whether known or unknown, which have been or could have been asserted in this action, or any other administrative or judicial proceeding against Defendant, arising out of

or in connection with any event occurring prior to the date of this Settlement Agreement including, without limitation, events relating to Plaintiff's claims that Defendant violated the Rehabilitation Act.

3. In connection with the waiver and relinquishment described in Paragraph 2, above, Plaintiff acknowledges that he is aware that he may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which he now knows, with respect to the matters released herein. Nevertheless, with the exception of the determination of attorneys' fees, costs, and litigation expenses as prescribed in Paragraph 4 below, it is the intention of Plaintiff, through this release, and with the advice of counsel, to settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiff and Defendant, and the United States Department of Justice's components, agents, employees and former employees, individually, and/or in their official capacities, arising out of the circumstances encompassed by this release. Nothing in this Settlement Agreement shall be construed to bar any claims of Plaintiff that arise after the effective date of this Settlement.

4. Notwithstanding the foregoing waiver and release, Plaintiff shall retain the right to apply to the Court for an award of attorneys' fees, costs, and litigation expenses incurred in connection with this action. Plaintiff shall file any application for attorneys' fees, costs and expenses no later than thirty days after this Stipulation and Order of Settlement becomes effective. Defendant shall retain the right to oppose Plaintiff's application on any appropriate ground, whether legal or equitable. Defendant shall file any opposition within thirty days after service of Plaintiff's application, and Plaintiff shall file any reply within fifteen days thereafter.

5. This Stipulation and Order of Settlement shall become effective upon approval by the Court. Upon entry of this Stipulation and Order of Settlement by the Court, this action shall be dismissed with prejudice except as to the amount to be awarded Mr. McDonald as a prevailing party for reasonable attorneys' fees, litigation expenses and costs, which issue is expressly reserved. The Court shall retain jurisdiction over this matter for the limited purpose of adjudicating any application, pursuant to paragraph 4 above, for an award of attorneys' fees, costs, and litigation expenses incurred in connection with this action. If the Court does not approve this Stipulation and Order of Settlement within sixty days after it is filed, then it shall become null and void and without effect upon any party's rights in this action.

6. This Stipulation and Order of Settlement is not and shall not be construed as an admission by Defendant of the truth of any allegation or the validity of any claim asserted in this action, or Defendant's liability therein. Nor is it a concession or an admission of any fault or omission in any act or failure to act. Nor shall any of the terms hereof be offered in evidence or in any way referred to by Plaintiff in any civil or administrative action, other than a proceeding to enforce the terms of this Stipulation and Order of Settlement, or construed for any purpose whatsoever as an admission or presumption of wrongdoing on the part of Defendant.

7. Upon notification to Plaintiff that the payment described in paragraph 1 has been made, Plaintiff shall, as soon as possible, and in any event within 5 business days of such notification, return to Defendant all documents (paper or electronic) produced in the course of this litigation and designated as Confidential pursuant to the Protective Order entered in this case, as well as all copies (paper or electronic) thereof, and shall certify in writing that he has done so.

8. The terms of this Stipulation and Order of Settlement constitute the entire agreement of the parties entered into in good faith, and no statement, remark, agreement or understanding, oral or written, which is not contained therein, shall be recognized or enforced. Nor does the parties' agreement to this Stipulation and Order reflect any agreed-upon purpose other than the desire of the Parties to reach a full and final conclusion of this action, and to resolve the matter without the time and expense of further litigation with the exception of Plaintiff's claim for attorneys' fees, costs, and litigation expenses.

9. This Stipulation and Order of Settlement cannot be modified or amended except with the prior written consent of the parties and approval by the Court, and shall be binding upon and inure to the benefit of the Plaintiff and Defendant and their respective successors, assigns and personal representatives, including any persons, entities, departments or agencies succeeding to the interests or obligations of the parties.

10. Plaintiff acknowledges that Defendant has made no representations of any kind regarding the tax consequences of this Stipulation and Order of Settlement, and Defendant shall not be responsible for the reimbursement of Plaintiff for any applicable federal, state, or local taxes that may be associated with any payments made to Plaintiff.

Dated: January 28, 2011

*/s/ Alvin R. McDonald*
Alvin R. McDonald
*Plaintiff*

Dated: January ___, 2011

_____
John W. Griffin, Jr.
Marek, Griffin & Knaupp
203 N. Liberty Street, P.O. Box 2329
Victoria, Texas 77902-2329
(361) 573-5500

8.  The terms of this Stipulation and Order of Settlement constitute the entire agreement of the parties entered into in good faith, and no statement, remark, agreement or understanding, oral or written, which is not contained therein, shall be recognized or enforced. Nor does the parties' agreement to this Stipulation and Order reflect any agreed-upon purpose other than the desire of the Parties to reach a full and final conclusion of this action, and to resolve the matter without the time and expense of further litigation with the exception of Plaintiff's claim for attorneys' fees, costs, and litigation expenses.

9.  This Stipulation and Order of Settlement cannot be modified or amended except with the prior written consent of the parties and approval by the Court, and shall be binding upon and inure to the benefit of the Plaintiff and Defendant and their respective successors, assigns and personal representatives, including any persons, entities, departments or agencies succeeding to the interests or obligations of the parties.

10. Plaintiff acknowledges that Defendant has made no representations of any kind regarding the tax consequences of this Stipulation and Order of Settlement, and Defendant shall not be responsible for the reimbursement of Plaintiff for any applicable federal, state, or local taxes that may be associated with any payments made to Plaintiff.

Dated: January ___, 2011

_____
Alvin R. McDonald
*Plaintiff*

Dated: January 28, 2011

_____
John W. Griffin, Jr.
Marek, Griffin & Knaupp
203 N. Liberty Street. P.O. Box 2329
Victoria, Texas 77902-2329
(361) 573-5500

-5-

Dated: January 28, 2011

*(signature)*
Katherine L. Butler
Butler & Harris
1007 Heights Boulevard
Houston, TX 77008
(713) 526-5677

*Counsel for Plaintiff*


Dated: January 27, 2011

*(signature)*
Elisabeth Layton
Susan K. Ullman
M. Andrew Zee
Attorneys, Civil Division
United States Department of Justice
20 Massachusetts Avenue, NW, Rm. 7225
Washington, DC 20001
Tel: (202) 305-8648

*Counsel for Defendant*


IT IS SO ORDERED.


Dated: _____

_____
Chief Judge Claire V. Eagan
United States District Court